```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/31/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                       :
                                       :     Master Case No. 1:13-cv-03116-LGS
IN RE DELCATH SYSTEMS, INC.            :
SECURITIES LITIGATION                  :     **CIVIL CASE MANAGEMENT
                                       :     PLAN AND SCHEDULING ORDER**
                                       :
                                       :
------------------------------------- X

LORNA G. SCHOFIELD, United States District Judge:

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3). In addition, because the above-referenced matter has been designated as a complex case, the parties also include information relating to their Initial Report pursuant to the Pilot Project Regarding Case Management Techniques for Complex Civil Cases.

1.     All parties [consent      / do not consent   **x**  ] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2.     The parties [have   **x**   / have not   ] conferred pursuant to Fed. R. Civ. P. 26(f).

3.     This case is governed by one of the following sets of rules and the parties' proposed dates in this order have been adjusted accordingly.

    a.    An employment case governed by the Initial Discovery Protocols for Employment cases? http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=713.

        [Yes      / No   **x**  ]

    b.    A § 1983 case governed by the Plan for Certain § 1983 Cases Against the City of New York? http://www.nysd.uscourts.gov/rules/1983%20Revised%20Plan%20and%20Exhibits.11.22.2013.pdf. [Yes     / No   **x**]

    c.    A complex case, designated as such on the docket sheet, subject to the Case Management Techniques for Complex Cases? http://www.nysd.uscourts.gov/rules/Complex_Civil_Rules_Pilot.pdf.

        [Yes   **x**   / No     ]

    d.    A patent case subject to the Local Patent Rules? http://www.nysd.uscourts.gov/rules/Standing_Order_In_re_Local_Patent_Rules.p

        [Yes      / No   **x**  ]

4.     Alternative Dispute Resolution/Settlement

    a.     Settlement discussions [have     / have not     **x**    ] taken place.

    b.     The parties are not yet able to determine whether they propose to engage in settlement discussions or mediation and, if so, when the best time to do so would be.

5.     The parties do not anticipate preliminary issues that are likely to arise that will require court intervention.

6.     Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than fourteen (14) days from the date of this Order. There is no readily identifiable document or category of documents that should be produced immediately in lieu of initial disclosures.

7.     No additional parties may be joined after February 27, 2015 without leave of Court.

8.     Amended pleadings may be filed without leave of Court until February 27, 2015.

9.     Fact Discovery

    a.     All fact discovery shall be completed no later than February 27, 2015. The parties believe that as a securities class action, the above-captioned litigation presents unique complexities warranting a fact discovery period exceeding 120 days.

    b.     Initial requests for production of documents pursuant to Fed. R. Civ. P. 24, shall be served by August 28, 2014.

    c.     Initial interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by August 28, 2014.

    d.     Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by February 27, 2015. The parties agree to abide by Fed. R. Civ. P. 30(a)(2), limiting each party to no more than ten (10) fact depositions taken. The parties also agree that if more fact depositions are necessary, the number of depositions may be increased to twelve (12) fact depositions by agreement of the parties without leave of court. However, this will not prejudice any party's right to seek leave of the court for additional depositions upon showing of cause. Each fact deposition shall be limited to a maximum of seven (7) hours unless extended by agreement of the parties.

    e.     Initial requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by August 28, 2014. The parties shall be allowed to submit up to twenty-five (25) requests for admission.

    f.     Protocol and Schedule for Electronic Discovery.

  (i) Any documents or other responsive items existing as electronically stored information shall be produced in their native form and in ".tiff image" format, with all metadata and full text extracted to a linked electronic file unless undersigned counsel agrees in writing to an alternative form.

  (ii) The parties' rolling production will begin thirty (30) days after service of document requests. Document production will be substantially completed by December 15, 2015.

10. Any of the deadlines in paragraphs 9(b) through 9(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

11. Discovery issues that are envisioned and how discovery disputes will be resolved:

  The parties are not yet aware of any discovery issues and will attempt in good faith to resolve any discovery disputes between the parties before seeking Court intervention.

12. Other Issues Related to Discovery:

  a. The parties do not anticipate possible limitations on document preservation.

  b. The parties do not anticipate the possibility of a stay or limitation of discovery pending a motion for class certification or motion for summary judgment.

  c. The parties do not anticipate limitations on types of discovery beyond those in the Rules (i.e., waiver of interrogatories, requests for admission, expert discovery).

  d. The parties do not anticipate limitations on timing and sequence of discovery.

  e. The parties do not anticipate limitations on restoration of electronically-stored information.

  f. The parties agree to allow depositions of trial witnesses named if not already deposed.

  g. The parties are unable to determine at this time whether they anticipate preservation depositions.

  h. The parties do not anticipate foreign discovery.

13. Protective Order.

The parties anticipate moving for entry of a general protective order. The parties are not yet aware of any other limitations.

14. Class Discovery and Briefing on Any Motions for Class Certification

    a. Motion for class certification to be filed by October 15, 2014.

    b. Depositions of Plaintiffs' class certification experts to be completed by November 5, 2014.

    d. Briefs in opposition to class certification to be filed by November 25, 2014.

    e. Depositions of Defendants' class certification experts to be completed by December 17, 2014.

    f. Any reply to class certification to be filed by January 7, 2015.

15. Expert Discovery

    a. Anticipated types of experts if any:

    The Plaintiffs anticipate expert testimony will be required for issues regarding: (a) damages and causation; (b) efficiency of the market for Delcath securities (for purposes of class certification); (c) death rates and significant adverse events (SAE's) relating to the Melblez Kit; (d) FDA approval process.

    b. All merits expert discovery shall be completed no later than August 28, 2015.

    c. Expert depositions will be necessary in this litigation.

16. Dates by which (i) each merits expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed.

    a. The parties will supply merits expert reports on claims or defenses on which they bear the burden of proof no later than June 19, 2015; responsive merits expert reports are due no later than July 17, 2015; and merits expert depositions to be completed by August 28, 2015.

    b. The parties recommend that expert discovery precede any summary judgment practice.

17. A schedule for briefing on any motions for summary judgment: Motions for summary judgment to be filed by September 25, 2015; responsive briefs to be filed by October 23, 2015; any reply to be filed by November 20, 2015.

    a. A party wishing to file a summary judgment motion shall file a pre-motion letter, and any party wishing to oppose also shall file a letter at the times and in the form provided in the Court's Individual Rule III.A.1. The Court will set the briefing schedule at the conference. The Court will set a firm trial date after a decision on any summary judgment motion

b.  If no pre-motion letters are timely filed, at the Case Management Conference, the Court will set dates for a final pre-trial order, other pretrial submissions, a final pre-trial conference and trial. The trial date will be firm.

18. The parties do not anticipate the possibility of communication or coordination between the Magistrate Judge and District Judge with respect to pretrial matters.

19. Dates for Exchange of Witness Lists

   a.  Date will be discussed at future status conference at the close of discovery.

   b.  The parties agree to allow depositions preceding trial of trial witnesses not already deposed.

20. Date for Joint Preliminary Trial Reports and Final Joint Trial Report

   a.  Date to be discussed at future status conference at the close of discovery.

21. Date for Case Management Conference: July 29, 2014

22. Issues to be Tried[1]

   - whether Defendants' statements issued during the putative class period were materially false and misleading;

   - whether such statements were made with scienter;

   - whether such statements proximately caused the losses suffered by the Class; and

   - the extent of injuries sustained by members of the Class and the appropriate measure of damages;

   - whether a class and/or classes should be certified;

   - whether Hobbs is a control person within the meaning of Section 20(a) of the Securities Exchange Act of 1934;

   - whether Plaintiff or other members of the putative class relied on any of the alleged misstatements or omissions;

   - whether Plaintiff or other members of the putative class suffered any damages;

   - whether and to what extent any claimed damages should be reduced pursuant to the negative causation defense.

---

[1] The parties' statements of issues reflect their current assessment of the primary issues to be litigated and are not intended to be an exhaustive list of issues, defenses or arguments that may be asserted or arise.

23. Damages (computation issues and timing of damages discovery)

   a. The parties cannot yet anticipate computation issues and timing of damages discovery.

24. Final pretrial order

   a. Date will be discussed at future status conference at the close of all discovery. The parties do not anticipate waiving the order.

25. Possible trial-ready date

   a. Date will be discussed at future status conference at the close of all discovery

26. Bifurcation: The parties do not anticipate issues relating to bifurcation at this time.

27. Court logistics and mechanics.

   a. The parties anticipate following the Court's standing orders relating to Court logistics and mechanics.

28. The parties do not anticipate the need for additional meet and confer sessions.

29. Status Letters and Conferences

   a. By October 28, 2014 [*60 days after the commencement of fact discovery*], the parties shall submit a status letter explaining what discovery has taken place, what discovery remains, and how the parties are acting diligently to meet the discovery deadline. Additional status letters shall be filed on 01/13/2015 & 03/13/2015.

   b. By March 13, 2015 [*14 days after the close of discovery*], all counsel must confer to discuss settlement and jointly advise the Court in writing whether or not they request a referral for settlement discussions.

   c. On July 10, 2015 at __10:30__ A.M. [*usually 21 days after the commencement of expert discovery*], a status conference shall be held.

   d. On September 11, 2015 at __10:30__ A.M. [*usually 14 days after the close of discovery*], a case management conference shall be held. The conference will serve either as a pre-motion conference for any party seeking to file a summary judgment motion, or a scheduling conference for trial.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs [7, 8, 9(a), 15(b) and 29(a)-(d)] into the Court's calendar. Motions shall not be filed on ECF until all briefing has been completed on November 20, 2015.

SO ORDERED.

Dated: July 31, 2014
       New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Lorna G. Schofield
　　　　　　　　　　　　　　　　　　　　　　　　LORNA G. SCHOFIELD
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Respectfully Submitted,

By: /s/ Tamar Weinrib
POMERANTZ LLP
Marc Ian Gross
Jeremy Lieberman
Tamar Aliza Weinrib
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: taweinrib@pomlaw.com

*Attorneys for Lead Plaintiff*

By: /s/
DECHERT LLP
David H. Kistenbroker
Joni S. Jacobsen
Angela M. Liu
77 W. Wacker Drive, Suite 3200
Chicago, IL 60601
Telephone: 312-646-5800
Facsimile: 312-646-5858
david.kistenbroker@dechert.com
joni.jacobsen@dechert.com
angela.liu@dechert.com

*Attorneys for Delcath Systems, Inc. and Eamonn P. Hobbs*