USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/24/2015

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| IN RE DELCATH SYSTEMS, INC. | ) | 13 Civ. 3116 (LGS) |
| SECURITIES LITIGATION | ) | |
| | ) | |

<u>**ORDER GRANTING**</u>
<u>**PRELIMINARY APPROVAL OF SETTLEMENT**</u>

　　**WHEREAS**,

　　(A)　　This Action was originally commenced on May 8, 2013.  By order dated August 2, 2013, Delcath Systems Group, Inc., comprised of Bahman Teimourian, Sam Etheridge, Peter Sutherland, and Robert Howard, was appointed Lead Plaintiff (collectively, "Lead Plaintiffs")[1], and Pomerantz LLP was appointed Lead Counsel.  An Amended Complaint was filed on October 1, 2013, asserting claims against Defendants Delcath Systems Inc. ("Delcath") and Eamonn Hobbs ("Hobbs") (collectively "Defendants") on behalf of a class of investors who purchased common stock in Delcath during the Class Period -- from April 21, 2010 through May 2, 2013. The claims were based on Sections 10(b) and 20(a) of the Securities Exchange Act (15 U.S.C. §§ 78j(b), and 78t(a)) and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (17 C.F.R. § 240.10b-5).

　　(B)　　By Opinion and Order dated June 27, 2014, the Court denied Defendants' Motion to Dismiss.

---

[1]　　The Order appointing Lead Plaintiffs, and hence the Amended Complaint, denominated them as the "Delcath Systems Group, Inc.," but Delcath Systems Group is not an incorporated entity.

(C)     Lead Plaintiffs moved for class certification on February 4, 2015.  Depositions were taken of each member of the Lead Plaintiffs, as well as market efficiency experts for Lead Plaintiffs and Defendants.  The class motion was *sub judice* when the settlement was reached.

(D)     Lead Counsel reviewed hundreds of thousands of pages produced by Defendants and subpoenaed additional documents from two third-party consultants to Delcath.

(E)     Following full-day mediation sessions conducted by Bruce Friedman of Judicial Arbitration and Mediation Services ("JAMS") on March 31 and April 14, 2015, the Parties reached an agreement to settle these claims as reflected in the Stipulation of Settlement, dated May 21, 2015 and filed herewith.

(F)     Lead Plaintiffs' filed a Motion for Preliminary Approval of Class Action Settlement and Notice to the Settlement Class (the "Motion") and supporting papers on May 21, 2015.

(G)     The Court held a hearing on the motion on June 10, 2015, discussed various concerns with the parties and ordered, *inter alia*, that they file an amended Stipulation of Settlement (the "Stipulation"), amended Notice of Proposed Settlement of Class Action and amended Proof of Claim and Release form.  The parties made the required filings on June 18, 2015.

(H)     The Court having reviewed and considered (i) the Motion, as well as all papers submitted in support thereof; (ii) the proposed Settlement, as set forth in the Stipulation and its exhibits (referred to by docket number herein), which sets forth the terms and conditions of a proposed settlement of the above-captioned Action, dismissing the Defendants and the Defendants' Released Parties with prejudice upon the terms and conditions set forth therein; and (iii) all other prior proceedings in this Action; and good cause for this Order having been shown:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference. All capitalized terms have the meanings set forth and defined in Section II.B. of the Stipulation, except as otherwise set forth herein. In the event of any inconsistencies between the Stipulation and this Order, this Order shall govern.

2. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including the Class Members.

3. The Court preliminarily approves the Settlement and the proposed Plan of Allocation, as described in the Notice, pending a final settlement and fairness hearing (the "Settlement Hearing"). The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the Lead Plaintiffs or segments of the Settlement Class; and (v) warranting notice of the proposed Settlement and the Settlement Hearing described below.

**Conditional Certification of the Class**

4. For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), this Action is conditionally certified as a class action on behalf of the following persons (the "Settlement Class" or the "Class"):

> All persons or entities that purchased or otherwise acquired Delcath common stock between (i) April 21, 2010 and April 29, 2013, and held as of the end of trading on April 29, 2013; and (ii) April 30, 2013 through May 2, 2013, and held as of the end of trading on May 2, 2013. Excluded from the Class are Defendants, all current and former directors and officers of Delcath during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above.

5.      The Court preliminarily finds that the prerequisites for a class action under Rule 23 (a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, and certifies a class solely for purposes of this Settlement, finding that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiffs have fairly and adequately represented the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.      Based on the finding that Lead Plaintiffs have fairly and adequately represented the interests of the Settlement Class, the Court conditionally appoints Lead Plaintiffs as the class representatives for the Settlement Class.  The Court finds that Lead Counsel has fairly and adequately represented the interests of the Settlement Class, and conditionally appoints Lead Counsel as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  These conditional appointments are solely for purposes of effectuating the Settlement.

7.      If the Stipulation is terminated or is not consummated for any reason, the foregoing conditional certification of the Class and appointment of Lead Plaintiffs shall be void and of no further effect and the parties to the Stipulation shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Stipulation might have asserted in the Action.

8.      The Court approves the appointment of Huntington National Bank as the Escrow Agent to manage the Settlement Fund for the benefit of the Settlement Class.

9.      The Court approves the appointment of Garden City Group, LLC as the Claims Administrator to supervise and administer the notice procedure and the processing of claims.

**Stay Order**

10.      The Court orders the stay, until the Settlement Hearing, of any pending litigation and enjoins the initiation of any new litigation by any Class Member in any court, arbitration, or other tribunal that includes any Settlement Class Claims against the Defendants' Released Parties generally and the above-named Defendants specifically.

**Form and Timing of Notice**

11.      The Court hereby approves, as to form and content, the proposed Notice, substantially in the form docketed at Docket No. 129-2, and directs that as soon as practicable after entry of this Order, but **no later than July 7, 2015**, that the Claims Administrator provide the Notice to each known Class Member via first-class U.S. mail, postage pre-paid.  Delcath shall cooperate in the identification of Class Members by producing reasonably available information from its shareholder transfer records or transfer agent.  The Claims Administrator shall file with the Court proof of mailing of the Notice **no later than September 21, 2015**.

12.      Banks, brokerage firms, institutions, and other persons who are nominees who purchased or otherwise acquired Delcath common stock for the beneficial interest of other persons during the Class Period are directed to, **within ten (10) days after receipt of the Notice**: either (a) send the Notice and the Proof of Claim and Release form to all beneficial owners of Delcath common stock purchased or otherwise acquired during the Class Period; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator.  The Claims Administrator shall provide the Notice to each Class Member identified through point (b) of this paragraph via first-class U.S. mail, postage pre-paid, **no later than August 10, 2015**.

13.     The cost of providing the Notice to the Settlement Class as specified in this Order shall be paid from the Settlement Amount as set forth in Paragraph 2.0(a) and 2.7 of the Stipulation.

14.     The Court hereby approves, as to form and content, the proposed form Publication Notice, substantially in the form docketed at Docket No. 129-3, and directs that **no later than July 15, 2015**, the Claims Administrator shall cause such Publication Notice to be published on a national business newswire.  The Claims Administrator shall file with the Court proof of publication of the Publication Notice **no later than September 21, 2015**.

15.     The Court approves the proposed Proof of Claim and Release form substantially in the form docketed at Docket No. 129-4, except that all portions of the Proof of Claim and Release form shall be in at least **<u>10-point font</u>**.

16.     The Court orders that the Notices, Proof of Claim and Release form, Amended Stipulation of Settlement and all papers submitted in support thereof be posted to a website to be maintained by the Claims Administrator.

17.     This Court preliminarily finds that the distribution and dissemination of the Notice and Publication Notice, and the notice methodology, contemplated by the Stipulation and this Order:

(a)     Constitute the best practicable notice to Class Members under the circumstances of this Action;

(b)     Are reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their

own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

(c)    Are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d)    Fully satisfy the applicable requirements of the Federal Rules of Civil Procedure (including Rule 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, and any other applicable rule or law.

**Participation and Exclusion**

18.    Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained in the Notice.  Unless the Court orders otherwise, all Proofs of Claim and Release must be submitted **no later than November 6, 2015**.

19.    Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund (as defined in Paragraph 6.2 of the Stipulation), unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Class Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

20.    Any person falling within the definition of the Settlement Class may seek to be

excluded from the Settlement Class by submitting to the Claims Administrator a Request for Exclusion, which complies with the requirements set forth in the Notice and is postmarked **no later than September 28, 2015**.  Any Request for Exclusion that does not supply the information required by the Notice shall be rejected, and any such Class Member shall be bound by the Stipulation and any judgment entered in connection therewith.

21.     All persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment.  However, a Class Member may submit a written revocation of a Request for Exclusion **up until October 14, 2015,** and still be eligible to receive payments pursuant to the Stipulation, provided the Class Member also submits a valid Proof of Claim and Release form prior to the Settlement Hearing.

**Settlement Hearing; Right to Appear and Object**

22.     **The Settlement Hearing shall take place before the undersigned, United States District Judge Lorna G. Schofield, in Courtroom 1106, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, on <u>October 19, 2015, at 11:00 a.m.</u>,** to determine the following (collectively, the "Matters for the Settlement Hearing"):

(a)     Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

(b)     Whether the Action should be dismissed on the merits and with prejudice as to the Defendants;

(c)     Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action;

   (d) Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

   (e) Whether the Plan of Allocation is fair and reasonable to the Settlement Class;

   (f) Whether the application for Compensatory Awards, as described in Paragraph 7.5 of the Stipulation, to be submitted on behalf of Lead Plaintiffs should be approved; and

   (g) Such other matters as the Court may deem necessary or appropriate.

23. The Court may finally approve the Matters for the Settlement Hearing at or after the Settlement Hearing with any modifications agreed to by the parties and without further notice to the Class Members.

24. Class Counsel and Defendants' Counsel shall submit papers in support of the Matters for the Settlement Hearing no later than **September 21, 2015**.

25. Any Class Member who has not submitted a Request for Exclusion (a "Settlement Class Member") may object to any or all of the Matters for the Settlement Hearing by sending to Class Counsel, a statement of objection including: (i) name, address and signature; (ii) whether the person is a Class Member; (iii) whether the Class Member has submitted a Request for Exclusion; (iv) the particular part of the Matters for the Settlement Hearing that is the subject of the objection; (v) the specific reason(s) for such objection, including any legal support the Class Member wishes to bring to the Court's attention; and (vi) whether the Class Member or their representative (with the name and address of the representative) seeks to appear and be heard at the Settlement Hearing.  Such Class Member shall also provide documentation sufficient to establish the amount of Delcath common stock purchased, acquired and sold from April 21, 2010

through May 2, 2013 (including the number of shares, dates and prices), as well as all such shares held as of the end of trading on April 29, 2013 and May 2, 2013.  Failure to provide such information and documentation may be grounds to void the objection.  Objection materials must be post-marked or received **not later than September 28, 2015**, and must be sent to:

> <u>Class Counsel</u>:
> Marc Gross, Esq.
> Tamar Weinrib Pomerantz LLP
> 600 Third Avenue
> New York, NY 10016

26.     Any Settlement Class Member who is not objecting to the Matters for the Settlement Hearing or other interested person may be heard at the Settlement Hearing in person or by counsel, to the extent allowed by the Court at the hearing, provided that person or their counsel submits to Class Counsel at the address in the preceding paragraph an intention to appear including (i) name, address and signature; (ii) whether the person is a Class Member, and if not, their relationship to this matter; (iii) whether the Class Member has submitted a Request for Exclusion; and (iv) the particular matters on which the person seeks to be heard.  No person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court unless they are postmarked or received **not later than September 28, 2015**.

27.     Class Counsel may reply to any objections, and shall file all objections and intentions to appear with the Court, **no later than October 5, 2015**.

28.     The Defendants shall have no responsibility for the Plan of Allocation or any Fee and Expense Application, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Stipulation.

29.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid from the Settlement Amount as set forth

in the Stipulation.  The Court may adjourn the Settlement Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind to Class Members.

30.     If the Settlement is approved, all Settlement Class Members will be bound by the terms of the Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting the Settlement Class, regardless of whether or not a Settlement Class Member submits a Proof of Claim and Release.  Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed therein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in the Action.

**Other Provisions**

31.     Upon payment of the Settlement Amount to the Escrow Accounts, by Defendants, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the amounts in the Settlement Fund are distributed or returned to the Defendants pursuant to the Stipulation and/or further order of this Court.

32.     Except for the obligation to cooperate in the production of reasonably available information with respect to the identification of Class Members from Delcath's shareholder transfer records, in no event shall the Defendants or any of Defendants' Released Parties have any responsibility for the administration of the Settlement, or any obligation or liability to the Lead Plaintiffs, Class Counsel, or the Settlement Class in connection with such administration.

33.     No Person shall have any claim against Lead Plaintiffs, Class Counsel, the Class Members, the Claims Administrator, the Escrow Agent or any other agent designated by Class

Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct.  No person shall have any claim under any circumstances against the Defendants' Released Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

34.     The Defendants and all former defendants have denied, and continue to deny, any and all allegations and claims asserted in the Action, and the Defendants have represented that they have entered into the Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation.  This Order and the Stipulation, whether the Settlement contemplated by the Stipulation is consummated or not, and any statements made or proceedings taken pursuant to them are not, shall not be deemed to be, and may not be argued to be or offered or received:

(a)     Against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by the Lead Plaintiffs in this Action or the validity of any claim that has been or could have been asserted against any of the Released Parties in this Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Parties;

(b)     Against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of

the Released Parties, or against the Lead Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of any infirmity of the claims alleged by the Lead Plaintiffs;

(c)     Against any of the Released Parties, the Lead Plaintiffs, or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties, the Lead Plaintiffs, or any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing as against any of the Released Parties, the Lead Plaintiffs, or any Settlement Class Member in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation, provided, however, that the Released Parties, the Lead Plaintiffs, and any Settlement Class Member may use it to effectuate the liability protection granted them by the Stipulation;

(d)     Against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties that the Settlement Consideration represents the amount which could or would have been received after trial;

(e)     Against Lead Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Lead Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by Defendants or any former defendants in this Action have any merit, or that damages recoverable in this Action would not have exceeded the Settlement Fund; and

(f)     As evidence of, or construed as evidence of any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

35.     The Defendants' Released Parties, Lead Plaintiffs, Settlement Class Members, and each of their counsel may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

36.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights of the parties to the Stipulation before it was executed.

37.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than October 19, 2015, at 11:00 a.m., and the Court retains jurisdiction to consider all further applications arising out of or connected with the settlement.

The Clerk of the Court is directed to close the motion at Docket No. 123.

**SO ORDERED.**

Dated: New York, New York
       June 24, 2015

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

14