```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/22/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

)
IN RE DELCATH SYSTEMS, INC.   )   13 Civ. 3116 (LGS)
SECURITIES LITIGATION          )
)
)
)
)

# FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS:**

(A) This Action was originally commenced on May 8, 2013. By order dated August 2, 2013, Bahman Teimourian, Sam Etheridge, Peter Sutherland, and Robert Howard, as the Delcath Systems Group, Inc., were appointed Lead Plaintiffs,[1] and Pomerantz LLP was appointed Lead Counsel. An Amended Complaint was filed on October 1, 2013, asserting claims against Defendants Delcath Systems Inc. ("Delcath") and Eamonn Hobbs ("Hobbs) on behalf of a class of investors in Delcath during the Period April 21, 2010, through May 2, 2013, under Sections 10(b) and 20(a) of the Securities Exchange Act (15 U.S.C. §§ 78j(b), and 78t(a)) and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (17 C.F.R. § 240.10b-5).

(B) By order dated June 14, 2014, the Court granted in part and denied in part defendants' Motion to Dismiss.

(C) Lead Plaintiffs moved for class certification on October 15, 2014. Thereafter depositions were taken of Lead Plaintiffs were deposed, as well as market efficiency experts for Lead Plaintiffs and Defendants. The class motion is *sub judice*.

---

[1] The Order appointing Lead Plaintiffs, and the Amended Complaint, denominated them as the "Delcath Systems Group, Inc.," but Delcath Systems Group is not an incorporated entity.

(D)     Lead Counsel has reviewed hundreds of thousands of pages produced by Defendants, and subpoenaed additional documents from several third party consultants to Delcath.

(E)     Following full day mediation sessions conducted by Bruce Friedman of Judicial Arbitration and Mediation Services ("JAMS") on March 31 and April 14, 2015, the parties reached an agreement to settle these claims as reflected in the Stipulation of Settlement dated May 21, 2015 ("Stipulation").

(F)     On June 10, 2015, a hearing was held to consider Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with Defendant.  As a result of the hearing, the parties modified the class definition, the Plan of allocation, the notice, the payment schedule for attorneys' fees and provided the Court with additional information.

(G)     For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the Court conditionally certified this Action as a class action on behalf of the following persons (the "Settlement Class" or the "Class"):

> All persons or entities that purchased or other acquired Delcath common stock during (i) April 21, 2010 through April 29, 2013 and held as of the end of trading on April 29, 2013; and (ii) April 30, 2013 through May 2, 2013, and held as of the end of trading on May 2, 2013.  Excluded from the Class are Defendants, all current and former directors and officers of Delcath during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above.

(H)     Pursuant to the Preliminary Approval Order entered on June 25, 2015, this Court scheduled a Settlement Hearing for October 19, 2015, at 11 a.m., to determine, *inter alia*, whether the proposed Settlement, Plan of Allocation, Lead Counsel's requests for fees and expenses and Lead Plaintiffs' Compensatory Awards are fair, reasonable and adequate, and should be approved by the Court (the "Final Approval Hearing").

(I) The Court has received affidavit(s) and/or declaration(s) attesting to compliance with the terms of the Preliminary Approval Order, including the mailing of the Notice and publication of the Publication Notice.  Due to adequate notice having been given to the Class as required by the Preliminary Approval Order, and the Court having held a Settlement Hearing on October 19, 2015, and the Court having considered all papers filed and proceedings in this Action and otherwise being fully informed of the matters herein, and good cause appearing,

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1. The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as through fully set forth herein.  All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Class Members.

3. Excluded from the Class are all persons and/or entities who excluded themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice, their names appearing on Exhibit A hereto.  They are not bound by this Order and Final Judgment (the "Judgment"), and may not make any claim with respect to or receive any benefit from the Settlement.  Such excluded persons may not pursue any Settled Claims on behalf of those who are bound by this Judgment.

4. The mailing of the Notice and the publication of the Publication Notice, and the notice methodology, which were implemented in accordance with the terms of the Stipulation and the Court's Preliminary Approval Order:

   (a) Constitute the best practicable notice to Settlement Class Members under the circumstances of this Action;

      (b)    Were reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not excluded themselves from the Class; and (v) the binding effect of the proceedings, rulings, orders and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Class;

      (c)    Are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

      (d)    Satisfy the applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

5.    The terms and provisions of the Stipulation were negotiated by the parties at arm's length and were entered into by the parties in good faith.

6.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement set forth in the Stipulation is fair, reasonable, adequate and in the best interests of the Class taking into account, *inter alia*, the benefits to the Class; the complexity, expense and possible duration of further litigation; the risks of establishing liability and damages and the costs of continued litigation.  The Settlement set forth in the Stipulation is hereby finally approved in all respects, in accordance with the terms and provisions therein, and the Lead Plaintiffs and the Class Members are hereby bound by the terms of the Settlement as set forth in the Stipulation.

7. The Plan of Allocation, as described in the Notice and Publication Notice, is hereby approved as fair, reasonable and adequate. Any order, proceeding, appeal, modification or change relating to the Plan of Allocation or the Fee and Expense Award shall in no way disturb or affect the finality of this Judgment, and shall be considered separate from this Judgment.

8. Upon the Effective Date, Lead Plaintiffs and Class Members (whether or not they submit a Proof of Claim or share in the Net Settlement Fund), on behalf of themselves and their heirs, executors, administrators and assigns, and any person(s) they represent, or anyone claiming through or on behalf of any of them, shall be deemed by this Order to have, and shall have, released, waived, dismissed and forever discharged the Released Plaintiffs' Claims, and shall be deemed by this Order to be, and shall be forever enjoined from prosecuting each and every one of the Released Plaintiffs' Claims.

9. Upon the Effective Date, Released Defendants, on behalf themselves and their heirs, executors, administrators, insurers, reinsurers, and assigns and any person(s) they represent, shall be deemed by this Order to have, and shall have, released, waived, dismissed and forever discharged the Released Defendants Claims, and shall be deemed by this Order to be, and shall be forever enjoined from prosecuting each and every one of the Released Defendants' Claims.

10. The Stipulation, and all related documents, shall not be construed as or deemed to be evidence of (i) any presumption, an admission or concession on the part of any Defendant, or any of Defendants' Released Parties, with respect to any claim of any fact alleged by Lead Plaintiffs or any member of the Class, the validity of any claim that was or could have been asserted by Lead Plaintiffs or any member of the Class, or any deficiency or any defense that has

been or could have been asserted by the Defendants in this Action or in any other litigation, or (ii) any liability, negligence, fault, liability, wrongdoing, or damage whatsoever and of any kind of any of the Defendants' Released Parties or in any way referred to for any other reason as against any of the Defendants' Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceeding.

11. Whether or not the Effective Date occurs or the Stipulation is terminated, neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) may be deemed, or shall be used, offered or received against Defendants or Defendants' Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Plaintiffs' Claims, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the litigation, or of any alleged wrongdoing, liability, negligence, or fault of the Defendants and their Released Parties, or any of them;

(b) may be deemed, or shall be used, offered or received against Lead Plaintiffs, the Class, Lead Plaintiffs' Released Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of Released Defendants' Claims, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action.

12. Any party or any of the Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good

faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. To the full extent provided by Section 21D(f)(7)(A) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4(f)(7)(A), the Court hereby bars all Barred Claims against the Defendants' Released Parties. "Barred Claims" means (i) claims and claims over for contribution or indemnity (or any other claim or claim over for contribution or indemnity however denominated on whatsoever theory), arising out of or related to the claims or allegations asserted by Lead Plaintiffs in the Action, or (ii) any other claim of any type, whether arising under state, federal, common or foreign law, for which the injury claimed is the actual or threatened liability of any Person, his insurers, subrogees or assigns, or anyone acting on behalf of any Person, his insurers, subrogees or assigns to Lead Plaintiffs and/or Class Members arising out of or related to the claims or allegations asserted by Lead Plaintiffs in the Action.

14. Upon payment of the Settlement Amount to the Escrow Account by Defendants, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned to the Defendants pursuant to the Stipulation and/or further order of this Court.

15. No person shall have any claim against Lead Plaintiffs, Lead Counsel, the Settlement Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Released Parties, based on any distributions, determinations, claim

rejections or the design, terms, or implementation of the Plan of Allocation.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. Lead Counsel are awarded attorneys' fees in the amount of $2,125,000 and reimbursement of expenses, including experts' fees and expenses, in the amount of $168,230.25, such amounts to be paid from the Settlement Fund as follows;

  a. Ten (10) days following the entry of this Order, 50% of the fees and 100% of the expenses shall be paid;

  b. The balance of the fees shall be paid upon entry of an Order of Distribution of the Settlement Fund to Eligible Claimants.

18. The amount awarded to Lead Counsel is fair and reasonable based on the factors set forth in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000). Using the approach from *In re Colgate-Palmolive Co. Erisa Litigation*, 36 F. Supp. 3d 344 (S.D.N.Y. 2014), the first step is to establish a baseline or benchmark for a reasonable fee. Evidence of attorneys' fees in securities cases and cases of a similar size takes into account the magnitude and complexity of the case and the policy consideration of using a sliding scale to avoid a windfall to class counsel. Empirical evidence indicates that the median percentage of settlement awarded as attorneys' fees in securities class actions is 25%. The same studies show that, for common fund settlements of a similar size to the one here, the median is between 22.1% and

28%.[2] Accordingly, the attorneys' fee request of 25% of the settlement fund, or $2,125,000, is reasonable. The circumstances of this case require no further upward or downward adjustment.

19. The amount awarded to Lead Counsel is reasonable considering counsel's lodestar. *See Goldberger*, 209 F.3d at 50 ("[T]he lodestar remains useful as a baseline even if the percentage method is eventually chosen. Indeed, we encourage the practice of requiring documentation of hours as a "cross check" on the reasonableness of the requested percentage."). The lodestar is calculated to be $1,116,124.70, resulting in a 1.90 multiplier, which is within the range awarded by courts throughout the country.[3]

20. Lead Plaintiffs Bahman Teimourian, Sam Etheridge, Peter Sutherland, and Robert Howard are awarded the sum of $12,500 each, as reasonable costs and expenses directly relating to the representation of the Class, as substantiated by their individual submissions, and as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

21. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Settlement Fund, including interest earned thereon; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action and (d) all parties for the purpose of

---

[2] Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlements and Their Fee Awards*, 7 J. Empirical Legal Stud. 811, 835, 839 (2010) (median attorney fee for securities cases is 25% and for cases with a common fund of between $7 and 10 million is 28%); Theodore Eisenberg & Geoffrey P. Miller, *Attorney Fees and Expenses in Class Action Settlements: 1993-2008*, 7 J. Empirical Legal Stud. 248, 262, 265 (2010) (median fee for securities cases is 25% and for cases with a common fund of between $5.3 and 8.7 million is 22.1%).

[3] The Order's lodestar amount differs from Lead Counsel's calculation as it does not include charges for clerical work or any mark-up in the hourly rates for contract attorneys.

construing, enforcing and administering the Settlement.

22. This Action and all Settlement Class Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation or this Judgment.

23. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of this Judgment. The Clerk is hereby directed to immediately enter this Judgment.

**SO ORDERED** in the Southern District of New York on October 22, 2015.

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

## EXHIBIT A (OPT OUTS)

1. IRA FBO JAMES MCALPINE
   PERSHING LLC AS CUSTODIAN
   ROLLOVER ACCOUNT
   712 70TH AVE E
   TACOMA WA 98424

2. PAT QUIRKE
   SEAMOUNT HOUSE CURRAHEEN
   TRALEE CO KERRY
   IRELAND

3. IRA FBO ERIC D FRAZIER
   PERSHING LLC AS CUSTODIAN
   ROLLOVER ACCOUNT
   3560 STATLER ROAD
   COLUMBUS GA, 31907

4. HANNAH FOY
   30 MARRINERS LANE
   ALLESLEY PARK, COVENTRY
   WEST MIDLANDS, U.K.

5. FMT CO CUST IRA
   FBO GLENN D LEE SR
   1609 CRANENECK RD
   SCRANTON SC 29591

6. HILTON MENDELSOHN
   218 S ROXBURY DRIVE
   BEVERLY HILLS CA 90212